IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> vs.  : <br> : <br> : <br> : <br> MASTER DALAS BRISCO : <br> AKA PAULA D. IKE  : <br> ; <br> : <br> DEFENDANT  : <br> : <br>_____: | CRIMINAL NO. 5:13-CR-73-CAR <br> VIOLATIONS: <br> 18 U.S.C. § 1341 <br> 18 U.S.C. § 641 <br> 18 U.S.C. §1028A <br> 42 U.S.C. 408(a)(3) <br> 42 U.S.C. 408(a)(5) |

INDICTMENT

THE GRAND JURY CHARGES:

Introduction

1.   At various times material to this indictment, Master Dalas Brisco, formerly known as Paula D. Ike, resided in Houston County, Georgia, within the Middle District of Georgia. L.B.I., whose true identity is known to the Grand Jury, was the widow of Joe Ike, who was the deceased brother of Defendant. At all times material to this Indictment, L.B.I. was a resident of California.

2.   Beginning on or about October 18, 2008, and continuing through on or about February 17, 2009, Defendant, Master Dalas Brisco, in the Middle District of

Georgia, and elsewhere, willfully devised and intended to devise a scheme and artifice to defraud L.B.I., Bank of America, N.A., Branch Bank & Trust Company (BB&T), the U.S. Social Security Administration, and to obtain money, by materially false and fraudulent pretenses, representations, and promises, as follows:

**The Scheme to Defraud**

3.     The object of the scheme and artifice was to gain control over various bank accounts and financial resources of L.B.I. and to take and appropriate funds in the lawful possession of L.B.I., and to divert those funds to the Defendant, Master Dalas Brisco, by fraudulent means, including customer impersonation and the creation of various false, fraudulent, and fictitious bank accounts and documents.

4.     It was part of the scheme and artifice to defraud that Master Dalas Brisco intended to defraud L.B.I., personally, and L.B.I., as the trustee of a revocable trust for the estate of Jesse P. Ike and Emma Ike ("the Trust").

5.     It was part of the scheme and artifice to defraud that Master Dalas Brisco intended to defraud the United States Social Security Administration by fraudulently diverting the Social Security benefits payable to L.B.I. and appropriating those benefits to his own use.

6.     On July 30, 2004, after the death of her husband, Joe Ike, L.B.I. was appointed Successor Trustee of the Jesse P. Ike and Emma L. Ike Revocable Trust

("the Trust") by an Order of the Superior Court for Los Angeles County, California. In October of 2008, as the Successor trustee, L.B.I. maintained a bank account for the trust fund at Bank of America, N.A., with account number xxxxx-x0828. L.B.I., as the sole trustee, was the only person authorized to withdraw funds from the account.

7.  On October 27, 2008, as part of the scheme to defraud, Defendant Master Dalas Brisco, appeared at a branch office of Bank of America, N.A. (hereinafter Bank of America) in El Cerrito, California, made false, fraudulent statements, and submitted a forged, counterfeit document which purported to be a court order from the Superior Court for Los Angeles, California. The counterfeit document contained the forged signature of a Superior court Judge. The document falsely purported to order that Defendant Master D. Brisco "will receive all assets of the estate of Jesse P. Ike and Emma L. Ike Revocable Trust, dated April 19, 1995." The counterfeit order also purported to remove L.B.I. as trustee and to name Defendant Master Brisco as the trustee of the Trust. By submitting the fraudulent document, Defendant caused bank officials to remove the name of L.B.I. as Trustee from the bank account and to make Defendant the trustee on the account. On the same date, the Defendant, Master Dalas Brisco was allowed to withdraw all of the funds from the trust account in the amount of $10, 435.94. The Defendant fraudulently signed the withdrawal as "Master D. Brisco Ttee." Based on the

fraudulent representations of Defendant, the bank issued a cashier's check payable to Master D. Brisco in the amount of $10,435.94. The check was then cashed and endorsed by Defendant Master D. Brisco. These funds were appropriated by the Defendant and were not returned to the Trust or to the actual trustee, L.B.I.

**Theft of Social Security Benefits**

8. At all times material to this Indictment, L.B.I. was eligible to receive retirement and survivors benefits from the United States Social Security Administration, in the form of a monthly payment which she normally received by direct deposit to her bank account.

9. On or about November 10, 2008, in Houston County, Georgia, as part of the scheme to defraud, Defendant Master Dalas Brisco presented a counterfeit, forged document entitled "Irrevocable Durable Power of Attorney" to a notary public in Houston County, Georgia. The document purported to be signed by L.B.I., and purported to make Master D. Brisco her agent and to grant him full powers of attorney. The document falsely stated that Master D. Brisco was the Successor Trustee of the Jesse P. Ike and Emma L. Ike Revocable Trust. The signature of L.B.I. was forged, as L.B.I. had not signed the document and had not granted Power of Attorney to Master D. Brisco.

10. On or about November 13, 2008, in Houston County, Georgia, as part of the scheme to defraud, the Defendant Master Dalas Brisco appeared at the offices of

the Social Security Administration in Warner Robins, Georgia, and falsely claimed to represent L.B.I. Defendant presented the forged, counterfeit Power of Attorney and requested to be made a representative payee for L.B.I.'s social security benefits. Without the knowledge or authority of L.B.I., the Defendant provided to SSA the social security number for L.B.I. Defendant was told that he would need additional documentation, such as a letter from L.B.I.'s physician, before he could become a representative payee.

11. On or about November 17, 2008, in Houston County, Georgia, as part of the scheme to defraud, the Defendant Master Dalas Brisco returned to the offices of the Social Security Administration (SSA) in Warner Robins, Georgia, and again falsely claimed to represent L.B.I. Without the knowledge or authority of L.B.I., the Defendant provided to SSA the social security number for L.B.I.

12. On November 17, 2008, in Houston County, Georgia, the Defendant made false and fraudulent representations to SSA and requested that the SSA make Defendant the representative payee for L.B.I.

13. On November 17, 2008, the Defendant, in Houston County, Georgia, using the social security number for L.B.I., completed the form SSA-11, in which he made the following false and fraudulent misrepresentations:

    a. (L.B.I.) "needs a payee because she cannot understand the value of money."

b. "I would be the best payee for (L.B.I.) because I am her relative and listed in will to take care of matters."

c. (L.B.I.) "has no other relatives or close friends who live with or are interested in being her representative payee."

14. As part of the scheme to defraud, on November 17, 2008, the Defendant submitted a counterfeit document to SSA, in the form of what appeared to be a letter from a physician. The letter purported to be signed by a physician, Andrew Robert Mosley, M.D. in El Cerrito, California, when in fact, there was actually no such physician licensed to practice medicine in the state of California. The letter falsely claimed that L.B.I. needed someone to care for her. The letter contained false and fraudulent misrepresentations, as follows:

a. (L.B.I.) "is unable to care for herself;"

b. (L.B.I.) "is currently under my professional care;"

c. (L.B.I.) "is unable to carry out daily task;"

d. "it is his (Brisco's) wishes to care for L.B.I., an it is her wishes also before her condensation of Alzheimer's Progress.";

e. "Master D. Brisco is the successor of trustee over the estate of Jesse P. Ike and Emma L. Ike Revocable Trust;"

All of which representations were false.

15. At all times material to this Indictment, L.B.I. was a resident of California, was in good health, and had no need for a representative payee for her social security benefits. L.B.I. had several relatives in California who were able and willing to care for her, in the event of illness. L.B.I. had not been treated for or diagnosed with Alzheimer's disease.

16. Based on the false document and fraudulent representations of Defendant, the Social Security Administration changed its records, made Defendant the representative payee for L.B.I., cancelled the direct deposit to L.B.I.'s bank account, and changed the mailing address for L.B.I.'s social security check to P.O. Box 475, Perry, Georgia, which was actually Defendant's mailing address.

17. During the period beginning November 6, 2008 and continuing through December 28, 2008, as part of the scheme to defraud, Defendant Master Dalas Brisco caused false, forged, and fraudulent change of address forms to be submitted to the United States Postal Service, in which he purported to change the mailing address of L.B.I. These change of address forms, purportedly signed by L.B.I., directed the United States Postal Service to deliver the mail of L.B.I. to mailing addresses controlled by Defendant. The change of address forms were submitted to the United States Postal Service without the knowledge or authority of L.B.I.

18. On or about December 15, 2008, Defendant Master Dalas Brisco submitted a change of address form to the United States Postal Service in his own name using the address of L.B.I. The form directed the Postal Service to divert all mail from the residence of L.B.I. in Los Angeles, California to P.O. Box 13072, E. Dublin, Georgia, a Post Office Box maintained and controlled by Defendant.

19. On or about December 17, 2008, the United States Treasury issued a U.S. Treasury check 2052 76624585 for the monthly social security benefit payment of L.B.I. Based on the false and fraudulent representations made by Defendant to the Social Security Administration, the Treasury check was made payable to "Masterdalas Brisco for (L.B.I.)", and was placed in the United States Mail addressed to P.O. Box 475, Perry, Georgia, a Post Office Box in the name of Defendant Master Dalas Brisco. The Treasury check was endorsed and cashed by Defendant Master Dalas Brisco, who appropriated the funds without regard to the use and benefit of L.B.I., thereby depriving L.B.I. of her monthly social security benefits.

20. It was part of the scheme and artifice to defraud that Defendant Master Dalas Brisco did cause the mailing of the U.S. Treasury check 2052 76624585 to be mailed to Defendant's mailing address at P.O. Box 475, Perry, Georgia, by making false and fraudulent statements, in order for Defendant Master Dalas Brisco to

receive the Treasury check and to appropriate the proceeds thereof, and to deprive L.B.I. of the social security benefits to which she was entitled.

21. On or about January 21, 2009, the United States Treasury issued a U.S. Treasury check 2052 78675055, dated January 21, 2009, for the monthly social security benefit of L.B.I. Based on the false and fraudulent representations made by Defendant to the Social Security Administration, the Treasury check was made payable to "Masterdalas Brisco for (L.B.I.)", and was placed in the United States Mail addressed to P.O. Box 475, Perry, Georgia, a post office box in the name of Defendant Master Dalas Brisco. This check was intercepted by the U.S. Postal Service before Defendant could take possession of the check.

22. It was part of the scheme and artifice to defraud that Defendant Master Dalas Brisco did cause the mailing of the U.S. Treasury check 2052 78675055 to be mailed to Defendant's address at P.O. Box 475, Perry, Georgia, by making false and fraudulent statements, in order for Defendant Master Dalas Brisco to receive the Treasury check and to appropriate the proceeds thereof, and to deprive L.B.I. of the social security benefits to which she was entitled.

### COUNTS ONE AND TWO
### MAIL FRAUD
### 18 U.S.C. 1341

23. The factual allegations of Paragraphs 1 through 22 are re-alleged and incorporated herein.

24. Beginning on or about October 18, 2008, and continuing through on or about February 17, 2009, in the Macon Division of the Middle District of Georgia, and elsewhere, the Defendant Master Dalas Brisco, having devised the above described scheme and artifice to defraud and obtain money and property by means of material false pretenses and representations, did knowingly cause mail to be deposited for delivery at an authorized depository for mail matter, and did cause to be delivered by mail any matter or thing, the following U.S. Treasury checks shown below, each check constituting a separate count, addressed to P.O. Box 475, Perry, Georgia, according to the direction thereon, and caused the mail to be delivered to P.O. Box 475, Perry, Georgia, for the purpose of executing and in order to effect the scheme and artifice to defraud, and to defraud the United States Government:

| Count | Date of Check | Check Number | Amount |
| --- | --- | --- | --- |
| One | 12-17-2008 | 2052 76624585 | $1260.00 |
| Two | 1-21-2009 | 2052 78675055 | $1260.00 |

All in violation of Title 18, United States Code, Section 1341.

**COUNT THREE**
**THEFT OF GOVERNMENT MONEY**
**18 U.S.C. 641**

25. The Factual allegations of paragraphs 1-24 are hereby re-alleged and incorporated herein.

26.  Beginning on or about November 13, 2008 and continuing through January 21, 2009, in the Middle District of Georgia, the Defendant, Master Dalas Brisco, did knowingly embezzle, steal, and purloin money of the Social Security Administration, (SSA), a department or agency of the United States, namely Retirement and Survivors Insurance (RSI) benefits, which were payments to which he knew he was not entitled, having a value in the amount of $1260.00. All in violation of Title 18, United States Code, Section 641.

## COUNT FOUR
## SOCIAL SECURITY FRAUD
## 42 U.S.C. 408(a)(3)

27.  The factual allegations of paragraphs 1-26 are hereby re-alleged and incorporated herein.

28.  On or about November 17, 2008, in Houston County, Georgia, within the Middle District of Georgia, Defendant Master Dalas Brisco, in a matter within the jurisdiction of the Social Security Administration, knowingly and willfully made materially false statements and representations in a Request to be Selected as Payee for L.B.I. (Form SSA-11) used by the Social Security Administration to determine rights to payment of social security benefits to a representative payee. Specifically, when completing questions on the SSA form, defendant made the following false and fraudulent statements:

a. "(L.B.I.) needs a payee because she cannot understand the value of money."

b. "I would be the best payee for (L.B.I.) because I am her relative and listed in will to take care of matters."

c. "(L.B.I.) has no other relatives or close friends who live with or are interested in being her representative payee."

29. On or about November 17, 2008, Defendant Master Dalas Brisco, as part of his request to be selected as Representative Payee for L.B.I. submitted a forged, fictitious, counterfeit document, which purported to be a letter from a physician, which falsely stated that L.B.I. was unable to care for herself and that she needed a representative payee for her social security benefits.

All in violation of Title 42, United States Code, Section 408(a)(3).

## COUNT FIVE
## SOCIAL SECURITY REPRESENTATIVE FRAUD
## 42 U.S.C. 408(a)(5)

30. The factual allegations of paragraphs 1-29 are hereby re-alleged and incorporated herein.

31. Beginning on or about November 13, 2008, and continuing through February, 2009, in Houston County, Georgia, within the Middle District of Georgia, Defendant Master Dalas Brisco, in a matter within the jurisdiction of SSA, having made application to receive social security payments as

Representative Payee for the use and benefit of L.B.I. and having received such payments, knowingly and willfully converted the payments for his own use rather than for the use and benefit of L.B.I.. Specifically, defendant received L.B.I.'s December 2008 social security payment, U.S.Treasury check 2052 76624585, dated December 17, 2008, in the amount of $1260.00, and cashed the check on or about December 22, 2008, without regard for the use and benefit of L.B.I. All in violation of Title 42, United States Code, Section 408(a)(5).

## COUNT SIX
## AGGRAVATED IDENTITY THEFT
## 18 U.S.C. 1028A

32. The factual allegations contained in Paragraphs 1 through 31 of this Indictment are re-alleged and incorporated herein.

33. On or about November 17, 2008, in the Middle District of Georgia, the Defendant, Master Dalas Brisco, did knowingly possess, use, and transfer without lawful authority, a means of identification, that is, the name and social security number (SSN) of L.B.I., during and in relation to the offenses of Mail Fraud in violation of Title 18 United States Code, Section 1341; Theft of Public Money, in violation of Title 18 United States Code, Section 641; Social Security Fraud, in violation of Title 42 United States Code, Section 408(a)(3); and Social Security Representative Fraud, in violation of Title 42 United States Code, Section 408(a)(5);

All in violation of Title 18 United States Code, Section 1028A.

**Removal of Funds from Bank of America Account**

34. The factual allegations of paragraphs 1-33 are hereby re-alleged and incorporated herein.

35. In January, 2009, L.B.I. maintained a personal bank account with Bank of America, Account #xxxxxx-1000. The account was a joint account with L.B.I.'s nephew, A.J.K. Only L.B.I. and A.J.K. had authority to write checks or withdraw funds from this account.

36. As part of the scheme to defraud, on or about January 23, 2009, in Houston County, Georgia, within the Middle District of Georgia, the Defendant Master Dalas Brisco opened a savings account (account # xxxxxxxxx4836) at Branch Bank and Trust Co. (hereinafter BB&T Bank) in the name of "( L.B.I.), Rep Master Brisco" without the knowledge or authority of L.B.I. To open the account, Defendant made false and fraudulent statements, and submitted a counterfeit, forged document, which purported to be an Irrevocable Durable Power of Attorney, purportedly signed by L.B.I., appointing Master D. Brisco as her agent. L.B.I. had not signed any such power of attorney and not granted any such authority to Master D. Brisco. To open the account, Defendant Master Dalas Brisco used the social security number for L.B.I., without her knowledge or authority.

37. As part of the scheme to defraud, in opening the BB&T account, Defendant Master Brisco falsely and fraudulently represented that he was a representative payee for L.B.I., and that he had authority to open an account in the name of L.B.I., as a representative payee.

38. As part of the scheme to defraud, Defendant Master Dalas Brisco, fraudulently gained online access to the personal checking account of L.B.I. with Bank of America. Once he had established online banking, Defendant utilized the online banking system to devise a scheme to appropriate money from Ike's account at Bank of America and transfer funds to the BB&T account in Warner Robins, Georgia, without the knowledge or authority of L.B.I.

39. On or about January 30, 2009, as part of the scheme to defraud, Defendant Master Dalas Brisco, using an online banking bill payment process, fraudulently created a fictitious "bill" to be paid from Lorraine Ike's bank account. Defendant caused a check to be issued from the Bank of America account #xxxxxx-1000 of L.B.I., payable to BB&T, 127 Russell Parkway, Warner Robins, Georgia, in the amount of $10,124.96. The check directed payment to BB&T account #xxxxxxxxx4836, which was the account controlled by Defendant at BB&T Bank. The check was sent by United States Mail to BB&T in Warner Robins, Georgia.

40. On or about February 2, 2009, the above described check was received by U.S. Mail at BB&T Bank in Warner Robins, Georgia and deposited to Defendant's

account at BB&T Bank, without notice to L.B.I. On or about February 3, the deposit of $10,124.96 posted to the BB&T account, which caused the funds to be withdrawn from L.B.I.'s Bank of America account, without her knowledge or authority. BB&T officials placed a Hold on the account before Defendant could gain access to the funds in the BB&T account.

41. On or about February 4, 2009, L.B.I. discovered that someone had taken $10,124.96 from her account without her knowledge or authority. She notified Bank of America officials and then transferred most of her remaining funds into a new account with Bank of America, account # xxxxx-x1414.

42. On or about February 11, 2009, Defendant Master Dalas Brisco, using the online banking bill payment process, again caused a check to be issued from the new Bank of America account # xxxxxx1414 of L.B.I., payable to BB&T, in Warner Robins, Georgia, in the amount of $14,560.00. The check directed payment to BB&T Account #xxxxxxxxxx4836, which was the account controlled by Defendant. This check was sent by U.S. Mail to BB&T in Warner Robins, Georgia.

43. On or about February 17, 2009, the above described check was received by mail and deposited to Defendant's account at BB&T, without notice to L.B.I. The deposit of $14,560.00 posted to the BB&T account. A Stop Payment order was

placed on the BB&T account before any funds could be transferred from the Bank of America account.

## COUNTS SEVEN AND EIGHT
## MAIL FRAUD
## 18 U.S.C. 1341

44. The factual allegations of paragraphs 1-43 are hereby re-alleged and incorporated herein.

45. Beginning on or about October 27, 2008, and continuing through on or about February 17, 2009, in the Macon Division of the Middle District of Georgia, and elsewhere, the Defendant Master Dalas Brisco, having devised the above described scheme and artifice to defraud and obtain money and property by means of material false pretenses and representations, did knowingly cause mail to be deposited for delivery at an authorized depository for mail matter, and did cause to be delivered by mail any matter or thing, the following official bank checks drawn on the Bank of America accounts shown below, each check constituting a separate count, addressed to BB&T, 127 Russell Pkwy, Warner Robins, Georgia, according to the direction thereon, and caused the mail to be delivered to BB&T, 127 Russell Pkwy, Warner Robins, Georgia for the purpose of executing and in order to effect the scheme and artifice to defraud:

| Count | Date of Check | Amount | Account # |
|---|---|---|---|
| Seven | 1-30-2009 | $10,124.96 | xxxxxx1000 |
| Eight | 2-11-2009 | $14,560.00 | xxxxxx4836 |

All in violation of Title 18 United States Code, Section 1341;

## COUNT NINE
## AGGRAVATED IDENTITY THEFT
## 18 U.S.C. 1341

46. The factual allegations of paragraphs 1-45 are hereby re-alleged and incorporated herein.

47. On or about January 23, 2009, in the Middle District of Georgia, the Defendant, Master Dalas Brisco, did knowingly possess, use, and transfer without lawful authority, a means of identification, that is, the name and social security number (SSN) of L.B.I., during and in relation to the offenses of Mail Fraud in violation of Title 18 United States Code, Section 1341. Specifically, the Defendant did present the name and social security number of L.B.I. to BB&T Bank, while opening a savings account in her name, without her knowledge or authority.

A TRUE BILL.

s/FOREPERSON OF THE GRAND JURY

Presented by:

MICHAEL J. MOORE
UNITED STATES ATTORNEY

GRAHAM A. THORPE
ASSISTANT UNITED STATES ATTORNEY

Filed in open court this 13 day of Oct, AD 2013.

Deputy Clerk